UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ABDUL GADIROU DIALLO,<br>A# 203 806 069, | § § § § § | |
| Petitioner, | | |
| v. | § § § | SA-20-CV-00547-XR |
| ANDREW HURON, Officer–In–Charge,<br>South Texas ICE Processing Center;<br>DANIEL BIBLE, Field Operations<br>Director, United States Immigration and<br>Customs Enforcement, Office of<br>Detention and Removal Operations,<br>Department of Homeland Security;<br>MATTHEW T. ALBENCE, Acting<br>Director, United States Immigration and<br>Customs Enforcement, Office of<br>Detention and Removal Operations;<br>THOMAS S. WIMKOWSKI, Principal<br>Deputy Assistant Secretary, United States<br>Immigration and Customs Enforcement,<br>Department of Homeland Security;<br>CHAD WOLF, Acting Secretary, United<br>States Department of Homeland<br>Security; and RAY CASTRO, Warden,<br>South Texas ICE Processing Center, | § § § § § § § § § § § § § § § § § § § § § § § | |
| Respondents. | § § | |

**ORDER OF DISMISSAL**

Before the Court are Petitioner Abdul Gadirou Diallo's ("Diallo") 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus and Respondents' Motion to Dismiss. (ECF Nos. 1, 7). After review, the Court orders Diallo's section 2241 petition and Respondents' motion to dismiss **DISMISSED WITHOUT PREJUDICE AS MOOT**. (ECF Nos. 1, 7).

## BACKGROUND

On July 10, 2019, Diallo, a citizen and native of Guinea, crossed the Rio Grande from Mexico and entered the United States. (ECF Nos. 1, 7). Diallo was detained by immigration authorities and issued a Notice and Order of Expedited Removal. (ECF No. 7, Exh. 1). In response, Diallo claimed he was fearful of returning to Guinea; he was granted an interview with an asylum officer. (ECF No. 7, Exh. 2). Ultimately, after hearing testimony, an immigration judge determined Diallo failed to establish a significant possibility of persecution based on race, religion, nationality, membership in a particular social group, or political opinion. (*Id.*). The immigration judge further found Diallo failed to establish a significant possibility that he would be subjected to serious physical or mental harm inflicted by, or at the instigation of, a Guinea government official. (*Id.*). Accordingly, on October 9, 2019, the immigration judge ordered the matter returned to the Department of Homeland Security for Diallo's removal from the country. (*Id.*). Following the "credible fear review proceeding," Diallo was returned to the South Texas ICE Processing Center in Pearsall, Texas and subsequently removed. *See* https://locator.ice.gov/odls/#/results (last visited Sept. 14, 2020).

## ANALYSIS

Prior to his removal, Diallo filed this section 2241 petition challenging his continued detention as violating the presumptively reasonable post-order removal period of six months established in *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001). (ECF No. 1). Because Diallo has been removed, the Court finds his Petition and Respondents' motion to dismiss are moot.

### *Applicable Law*

"Article III of the Constitution limits federal 'Judicial Power,' to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case

becomes moot, depriving the Court of power, "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). A party must continue to have a personal stake in the outcome of the lawsuit. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). In other words, a party seeking relief must have suffered, or be threatened with, an actual injury that is likely to be redressed by a favorable judicial decision. *Id*. In the absence of an actual injury that is likely to be redressed by a favorable judicial decision, the matter becomes moot and subject to dismissal. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

### *Application*

In his Petition, Diallo requested the following relief: (1) a declaration that his *continued detention* is unauthorized or violative of the Fifth Amendment; and (2) release from detention. (ECF No. 1). Using the "Online Detainee Locator System," operated by the Department of Homeland Security, the Court has determined Diallo is no longer detained by ICE. https://locator.ice.gov/odls/#/results. The locator system returned "zero (0) matching records" in response to a search using both Diallo's "A–Number" and country of origin and his name and country of origin. *Id.* Because he is no longer detained, the relief he seeks is no longer available. In other words, the Court can no longer redress his alleged injury with a favorable judicial decision. *See Spencer*, 523 U.S. at 7 Accordingly, his claim for relief is moot and subject to dismissal. *See id.*

**IT IS THEREFORE ORDERED** that Petitioner Abdul Gadirou Diallo's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Motion to Dismiss (ECF No. 7) are **DISMISSED WITHOUT PREJUDICE AS MOOT**.

It is so **ORDERED**.

SIGNED this 14th day of September, 2020.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE